## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| TATIANNIA JOHNSON,          ) | |
|          ) | |
| **Plaintiff,**          ) | |
|          ) | **CASE NO.:  6:15-CV-00938-PGB-DAB** |
| **v.**          ) | |
|          ) | |
| **OVERDRIVE SYSTEMS II, INC.,**          ) | |
| **d/b/a J.D. BYRIDER and DRIVESTAR**          ) | |
| **FINANCIAL II, INC. d/b/a CNAC**          ) | |
|          ) | |
| **Defendants.**          ) | |

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, TATIANNIA JOHNSON ("Plaintiff") and Defendants, OVERDRIVE SYSTEMS II, INC., d/b/a J.D. BYRIDER and DRIVESTAR FINANCIAL II, INC., d/b/a CNAC ("Defendants") (Plaintiff and Defendants will collectively be referred to as the "Parties"), through their undersigned counsel, jointly move the Court for Approval of their Settlement Agreement ("Settlement Agreement") and dismissal of this case with prejudice.   In support thereof, the Parties state as follows:

## MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

1.      Plaintiff's Complaint alleges claims for unpaid overtime compensation against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.      The Parties had a bona fide dispute under the FLSA.  Defendants assert that Plaintiff was not entitled to overtime, as she was an employee exempt from the overtime provisions of the FLSA as an administrative employee and/or as an executive employee. Defendants also assert that they had reasonable grounds to believe they complied with the FLSA

at all times, that they have acted in good faith and not willfully in violation of the FLSA and, as such, maintains that they were not liable for any unpaid overtime or minimum wages to Plaintiff.

3.      Each Party conducted research regarding the various relevant legal issues involved, and exchanged substantial discovery and information regarding their respective positions.  Plaintiff's deposition was also taken.  As a result of settlement discussions, the Parties have fully and completely settled all disputes between them relating to the FLSA claims in the Complaint.  In exchange for Defendants' payment of a settlement sum to Plaintiff, Plaintiff has agreed to release Defendants from the FLSA claims brought in the Complaint.  The Parties agree this is a fair and reasonable settlement of a bona fide dispute considering the defenses asserted by Defendants and other areas of disagreement, including whether, if Defendants were found liable for any FLSA violations, overtime should be computed based on half-time or time-and-a-half the hourly rate.

4.      As to this FLSA action, the Parties have agreed upon the Settlement Agreement, attached hereto as Exhibit "A".  The Parties respectfully request that this Court accept and approve the Settlement Agreement, and dismiss Plaintiff's Complaint, with prejudice.

## MEMORANDUM OF LAW

### I.      Standard of Review.

As the Eleventh Circuit held in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982):

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for

back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)   the existence of fraud or collusion behind the settlement:
(2)   the complexity, expense, and likely duration of the litigation;
(3)   the stage of the proceedings and the amount of discovery completed;
(4)   the probability of plaintiff's success on the merits:
(5)   the range of possible recovery; and
(6)   the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3.

**II.     All of the Relevant Criteria Support Final Approval of the Settlement.**

Plaintiff acknowledges that this settlement provides for full and fair payment for all unpaid overtime and minimum wages to which she may be entitled as alleged in the Complaint. Accordingly, the settlement is fair. *See Davidson v. Orange Lake*, Case No. 6:06-cv-1674-Orl-19KRS, 2008 U.S. Dist. LEXIS 32438, at *2 (M.D. Fla. 2008) (because plaintiff received all past due compensation to which she was arguably entitled under the FLSA, the

settlement was fair and there was no need for judicial scrutiny of the agreement).  Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).  Here, each Party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to and did vigorously represent his clients' rights.

The probability of success on the merits, and the complexity, expense, and length of future litigation and the potential for a trial on these matters also weigh in favor of this settlement.  The Parties continue to disagree over the merits of the claims asserted.  If the Parties were to continue to litigate and undertake a trial of this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.  This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter.  Over the course of several months and the entire discovery period, the Parties exchanged substantial discovery and information regarding Plaintiff's claims.  Moreover, Plaintiff's deposition was taken.  In agreeing upon the proposed settlement, the Parties conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Finally, the Court should evaluate the reasonableness of the proposed attorneys' fees.  *See* Helms, 2006 U.S. Dist. LEXIS 92994, at *6-7; *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998).  In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee.  *See City of Burlington v. Dague*, 505 U.S. 557 (1992).  Courts have held, however, that it is unnecessary to inquire into the reasonableness

of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 12; *see also Passeri v. Apria Healthcare, Inc.*, Case No. 3:09-cv-257, at *2 f. 3 (M.D. Fla. Feb. 3, 2010) [Dkt. 22] ("As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market."). Here, the Parties stipulate to the reasonableness of the proposed fees for the purposes of settlement. Additionally, the Parties negotiated the attorneys' fees and costs separately and without regard to the amount of Plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). Therefore, the Parties request that the Court find that the proposed attorneys' fees are reasonable.

## CONCLUSION

WHEREFORE, TATIANNIA JOHNSON and OVERDRIVE SYSTEMS II, INC., d/b/a J.D. BYRIDER and DRIVESTAR FINANCIAL II, INC., d/b/a CNAC respectfully request that this Honorable Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Respectfully submitted this 27th day of May 2016.

WHITTEL & MELTON, LLC

JACKSON LEWIS, P.C.

*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No. 0504351
lechnerj@theFLlawfirm.com
Jason M. Melton
Florida Bar No. 605034
pleadings@theFLlawfirm.com
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, FL 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
shelley@theFLlawfirm.com

*/s/ B. Tyler White*
Richard N. Margulies
Florida Bar No. 0607487
margulir@jacksonlewis.com
B. Tyler White
Fla. Bar No.: 0038213
whitet@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone:     (904) 638-2655
Facsimile:     (904) 638-2656

Attorneys for Plaintiff

Attorneys for Defendants