**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**TATIANNIA JOHNSON,**

        **Plaintiff,**

-vs-                                                              Case No. 6:15-cv-938-Orl-41DAB

**OVERDRIVE SYSTEMS II, INC., AND
DRIVESTAR FINANCIAL II, INC.,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 26)**
>
> **FILED:** May 27, 2016
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This is an action for unpaid overtime compensation and for retaliation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (herein "FLSA"). In her Complaint (Doc. 1), Plaintiff alleges that she worked for Defendants as a Finance Manager, was improperly classified as exempt from FLSA overtime requirements, regularly worked overtime without appropriate compensation, and, when she complained of this practice, was demoted to a lower paying position. In their Answer, Defendants denied that they violated FLSA and asserted various defenses. In the instant motion, the parties represent that they have exchanged substantial discovery and information regarding their

respective positions and have fully and completely settled all disputes between them relating to the FLSA claims in the Complaint, and memorialized this settlement in a Settlement Agreement (Doc. 26-1). In exchange for Defendants' payment of a settlement sum to Plaintiff, Plaintiff has agreed to release Defendants from the FLSA claims brought in the Complaint. The parties now seek entry of a final order approving the settlement of this action pursuant to 29 U.S.C. § 216(b) of FLSA and request that the Court dismiss the case, with prejudice.

The parties seek review to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the Interrogatories filed by Plaintiff (Doc. 18), Plaintiff calculated her damages for unpaid overtime compensation against Drivestar as $5,058.62, plus liquidated damages ($5,058.62), for a total overtime claim against Drivestar in the amount of $10,117.23. For unpaid overtime compensation against Overdrive, she claimed $961.28, plus liquidated damages ($961.28), for a total overtime claim against Overdrive of $1,922.56. Additionally, Plaintiff includes over $100,000 in compensatory damages with respect to her retaliation claim. As of the date of the Interrogatories, Plaintiff claimed $12,560.00 in attorney's fees (calculated as Jay P. Lechner - 25.5 hours x $500=$12,500.00; Deborah Aveyard - .4 hours x $150=$60.00) and $521.49 in costs. According to the Settlement Agreement (Doc. 26-1), Plaintiff has agreed to accept $4,500.00 for unpaid wages, overtime and "any other actual damages" as sought in this litigation; an additional $4,500.00 in liquidated damages; and counsel shall receive $6,000,00 for all attorneys' fees and costs related to this claim.

The Court observes that the total of the claims made as set forth in the Interrogatories ($171,798.24) is a far cry from the ultimate recovery of $15,000.00. Absent further explanation from the parties, and in view of the language of the Settlement Agreement purporting to cover "any other actual damages," the Court assumes that Plaintiff has agreed to either forego her retaliation claim or release it for a minimal amount. Regardless, "[b]ecause *Lynn's Foods*, 679 F.2d at 1355, only requires 'compromises of FLSA back wage or liquidated damage claims' to be presented to the District Court for a determination of whether the proposed settlement is fair and reasonable, the Court does not need to review the parties' settlement of Plaintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA claim." *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), report and recommendation adopted, No. 6:10-CV-1583-ORL-36, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

*See also McQuillan v. H.W. Lochner, Inc.*, No. 6:12-CV-1586-ORL-36, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013) ("Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the District Court."); *Hernandez v. Iron Container, LLC*, No. 13-22170-CIV, 2014 WL 633848, at *1 (S.D. Fla. Feb. 18, 2014) (accord).

Looking solely to settlement of the wage claims, in the motion "Plaintiff acknowledges that this settlement provides for full and fair payment for all unpaid overtime and minimum wages to which she may be entitled as alleged in the Complaint." Obviously, if Plaintiff's Interrogatories are accurate, she is not receiving "full" payment for her wage claims, as Plaintiff's alleged damages for these claims totaled over $12,000.00 (including liquidated). Therefore, either the Interrogatories were incorrect or some compromise was involved. At issue, then, is whether that compromise is a fair and reasonable settlement of a bona fide dispute.

The parties urge a finding that this is a fair and reasonable settlement "considering the defenses asserted by Defendants and other areas of disagreement, including whether, if Defendants were found liable for any FLSA violations, overtime should be computed based on half-time or time-and-a-half the hourly rate." The parties note that the probability of success on the merits, and the complexity, expense, and length of future litigation and the potential for a trial on these matters also favors approval of this settlement. Upon review, the Court agrees that the settlement negotiated and reached by the parties reflects a reasonable compromise of the disputed issues. Plaintiff was represented by counsel and the compromise is not so significant as to lead the Court to suspect overreaching, especially in view of the defenses raised. Moreover, while the Settlement Agreement does include a release, the release language makes clear that it is limited to those claims raised in this litigation and, as such, should not serve to make the settlement with respect to the FLSA issues unreasonable.

Title 29 U.S.C.§ 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id*. Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (citation omitted); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987). Here, the papers indicate that Defendants have agreed to pay $6,000.00 for all attorneys' fees and costs related to Plaintiff's claims in this suit and "the Parties stipulate to the reasonableness of the proposed fees for the purposes of settlement." The parties have not provided a log of the total hours expended, nor have they favored the Court with a means to conduct a lodestar analysis. Instead, they represent that they negotiated the attorneys' fees and costs separately and without regard to the amount of Plaintiff's recovery. *See Bonetti v. Embark Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

Although the Court normally requires a showing as to how the attorneys' fees were calculated in order to ascertain whether the FLSA claim was unfairly compromised, the record in this case is sufficient for review. As noted above, as of the date of filing the Interrogatories (August 21, 2015), counsel claimed in excess of 25 hours (at $500 per hour) in fees. While the Court does not find that rate to be reasonable, the ultimate recovery here (including costs) is less than half the amount claimed nine months ago. Assuming additional fees were incurred in the ensuing months, the hourly rate is likely less than $250 per hour, which is well within the standard range for similar cases. As Defendants have agreed to the amount and the hourly rate (as adjusted) is within the range of reasonable hourly rates in such cases, the Court finds the total amount of time devoted and ultimate fee agreed to is not unreasonable under the circumstances of this case, and, absent objection, recommends approval of same.

Settlement in the total amount of $15,000.00, as set forth above, is a fair and reasonable settlement. It is therefore **respectfully recommended** that the motion be **granted** and the settlement is **approved** as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. If approved, it is further **recommended** that the case be **dismissed, with prejudice.**

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on June 1, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy